# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN HENDERSON and
DONAVAN HARRISON,

                    Plaintiffs,

v.

JOHNSON CONTROLS INC.,

                    Defendant.

Case No. 22-CV-414-JPS

**ORDER**

On April 3, 2022, Plaintiffs filed this collective action alleging violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1. On January 24, 2023, the parties informed the Court that they reached a settlement. ECF No. 21. Plaintiffs subsequently submitted an unopposed motion for preliminary approval of settlement of the collective action, ECF No. 23, and a supplement thereto, ECF No. 25.

Prior to settlement, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e). In FLSA collective actions, there is only a one-step approval process, and the court need not engage in a fairness hearing. *Hueberger v. Smith*, No. 3:16-CV-386 JD, 2019 U.S. Dist. LEXIS 118174, at *7 (N.D. Ind. Jan. 4, 2019). The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). At this stage, all facts weigh in favor of finding a fair settlement in this case. After engaging in discovery and settlement negotiations, the parties have reached a settlement that addresses the issues raised in the complaint and

constitutes a resolution of a *bona fide* dispute as to liability. ECF No. 24 at 19.

The settlement provides for a gross settlement amount of $140,000.00. ECF No. 24-1 at 5. The settlement amount was calculated to encompass various costs including payments to participating collective members, a court-approved plaintiff service payment in an amount not to exceed $3,000.00, a set aside for Plaintiffs' counsel's expenses in the amount of $3,963.42, and attorneys' fees in the amount of $46,666.67. ECF No. 24-1 at 8; ECF No. 24-3 at 1; ECF No. 25. The Court finds no barrier to approval of the parties' settlement.

The Court will therefore grant the joint motion for approval of the collective settlement, ECF No. 23, and will incorporate the parties' proposed items of relief below, to manage the settlement process and ultimately conclude this litigation.

Accordingly,

**IT IS ORDERED** that the parties' stipulation to certify a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), ECF No. 24-1 at 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the FLSA Collective defined in the stipulation is certified, for settlement purposes, and defined as follows:

> All current or former non-exempt employees of Johnson Controls, Inc. ("JCI") who worked at JCI's facility located at 3110 N. Mead St., Wichita, KS 67219, at any time during JCI's Kronos service outage, beginning on or about December 11, 2021, until January 29, 2022.

**IT IS FURTHER ORDERED** that Plaintiffs Kevin Henderson and Donavan Harrison shall serve as Claims Representatives of the Collective;

**IT IS FURTHER ORDERED** that Morgan & Morgan PA and Parmet PC are hereby appointed as Settlement Collective Counsel;

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion for approval of collective action settlement, ECF No. 24, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Court:

1. Approves the parties' Settlement Agreement (titled "Settlement Agreement & Release"), which is attached to plaintiffs' unopposed motion for approval of collective action settlement, ECF No. 24-1, as a fair, reasonable, and adequate resolution of a *bona fide* dispute under the FLSA;

2. Approves the parties' "Notice of Settlement and Claim Form" (hereinafter "the Notice Packet") in a form that is substantially similar to that which is attached to the Agreement, ECF No. 24-1 at 13–16, for distribution to all members of the Settlement Collective;

3. Approves payment of service payment to the Claims Representatives of the Collective in an amount not to exceed $3,000.00;

4. Approves a set aside for Plaintiffs' counsel's expenses in the amount of $3,963.42;

5. Approves payment of attorneys' fees to Plaintiffs' counsel in the amount of $46,666.67, ECF No. 25;

6. Approves that the provision of the Notice Packet by mail to all members of the Settlement Collective who can be identified with reasonable effort constitutes valid, due, and sufficient notice to Settlement Collective members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

7. Authorizes issuance of settlement payments to the members of the Settlement Collective;

8. Authorizes Collective Counsel to mail the Notice Packet and enclosed check to the Settlement Collective members via first-class mail as set forth in the Parties' Settlement Agreement;

**IT IS FURTHER ORDERED** that:

1. Upon each Settlement Collective Member's receipt of his or her individual settlement check, he or she shall have ninety (90) days to cash or deposit his or her individual settlement check;

2. If a Settlement Collective member does not cash his or her individual settlement check within ninety (90) days of receiving it, the check and amount will revert to and be retained by Defendants;

**IT IS FURTHER ORDERED** that the FLSA claims of Settlement Collective members opting into the settlement be and the same are hereby **DISMISSED with prejudice** and without costs;

**IT IS FURTHER ORDERED** that the FLSA claims of all putative Settlement Collective members not opting into the settlement be and the same are hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge